## AS TO WIDOW'S EXEMPTION FROM LEVY AND SALE.

[Circuit Court of Hamilton County.]

PENNY BROWN v. WM. H. PARHAM.

Decided, December 16, 1903.

*Exemption—Of Widow—Without Custody of Minor Children—Punctuation of Section 5441.*

A widow, not the owner of a homestead, and not having in good faith the care and maintenance of any minor child or children of a deceased relation, is not entitled to hold property exempt from levy and sale. *Wentzel v. Hays,* 16 C. C., 110, explained.

GIFFEN, J.; SWING, J., and JELKE, J., concur.

The plaintiff in error being a widow, not the owner of a homestead, and not having in good faith the care, maintenance and custody of any minor child or children of a deceased relative, is not entitled to hold property exempt from levy and sale, unless under Section 5441, Revised Statutes; but in this section, as now punctuated, the words "having in good faith the care, maintenance and custody of any minor child or children of a deceased relative" qualify the word "widow" as well as the words "unmarried female," and a widow not having the care of such child can not hold property exempt under this section. When the case of *Wentzel v. Hayes et al,* 16 C. C., 110, was decided, Section 5441, Revised Statutes, as amended in 81 O. L., 148, contained no comma after the words "unmarried female" as it now does, and as found in Whittaker's Code it contained a comma after the word "widow." This punctuation evidently influenced the court in that decision, as there is no sound reason why a widow should be entitled to an exemption that an unmarried female is not entitled to.

The judgment will be affirmed.

*E. H. Williams,* for plaintiff in error.

*A. J. Cunningham* and *W. H. Parham,* contra.